UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CHRISTIN HEBERT AND COREY     CIVIL ACTION NO. 6:16-cv-00385
HEBERT, on behalf of B.H., a minor

VERSUS     JUDGE FOOTE

CEC ENTERTAINMENT, INC.     MAGISTRATE JUDGE HANNA

## REPORT  AND  RECOMMENDATION

Currently pending is the defendant's motion to dismiss the plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.  (Rec. Doc. 6).  The motion is opposed, and oral argument was heard on June 28, 2016.   The motion was referred to the undersigned Magistrate Judge for review, report, and recommendations in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be denied.

### BACKGROUND

In their complaint, the plaintiffs allege that the defendant, CEC Entertainment, Inc., is the owner and operator of a chain of Chuck E. Cheese restaurants, including one in Lafayette, Louisiana.  They further allege that they are the parents of a son,

B.H., who is allergic to dairy products and might, if he comes into contact with dairy products, have a life-threatening anaphylactic reaction.  On that basis, the plaintiffs allege that their son is a person with a medically diagnosed food allergy as well as a person with a disability.  They further allege that, on November 29, 2013, B.H. visited a Chuck E. Cheese restaurant in Lafayette, Louisiana.  The plaintiffs allegedly asked the manager to allow B.H. to bring in a small, safe meal from outside the restaurant but the manager refused their request.  On prior occasions, however, B.H. allegedly had been permitted to bring his own meal into the same establishment.

The plaintiffs allege that Chuck E. Cheese has a nationwide policy against allowing outside food in its restaurant (other than cake or ice cream).  They assert a claim under Title III of the Americans with Disabilities Act ("the ADA"), 42 U.S.C. § 12181 *et seq*., alleging that the defendant discriminated against B.H. by refusing to make a reasonable accommodation to its policy prohibiting outside food in its establishments.  They seek a declaration that the defendant is in violation of the statute, an order enjoining the defendant from prohibiting outside food by people with allergies, and the recovery of attorneys' fees, costs, and expert fees.

<u>ANALYSIS</u>

A.  <u>THE STANDARD FOR DECIDING A MOTION TO DISMISS</u>

A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the
Federal Rules of Civil Procedure, is appropriate when a defendant attacks the
complaint because it fails to state a legally cognizable claim.[1]  When considering a
motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must
limit itself to the contents of the pleadings, including any attachments thereto.[2]  The
court must accept all well-pleaded facts as true, and it must view them in the light
most favorable to the plaintiff.[3]  However, conclusory allegations and unwarranted
deductions of fact are not accepted as true,[4] and courts "are not bound to accept as
true a legal conclusion couched as a factual allegation."[5]

---

[1]      *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[2]      *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[3]      *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal
quotations omitted), quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464,
467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[4]      *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th
Cir. 1982), citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir.
1974); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[5]      *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*,
478 U.S. 265, 286 (1986)).

-3-

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[6]  The allegations must be sufficient "to raise a right to relief above the speculative level,"[7] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[8]  "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9]  If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[10]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]  "[D]etermining whether a

---

[6]    *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[7]    *Bell Atlantic v. Twombly,* 550 U.S. at 555.

[8]    *Bell Atlantic v. Twombly,* 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

[9]    *Bell Atlantic v. Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10]    *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[11]    *Ashcroft v. Iqbal*, 556 U.S. at 678.

complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[13]

## B.   THE CONTENTIONS OF THE PARTIES

In this case, the defendant claims that the plaintiffs have not stated a valid claim (1) because a food allergy is not a disability under the ADA, (2) because the plaintiffs' son was not discriminated against, and (3) because the requested accommodation was overly broad and therefore not reasonable.

In response, the plaintiffs contend that they have alleged facts sufficient to state a valid claim under Title III of the ADA.

## C.   THE PLAINTIFFS' COMPLAINT SUFFICIENTLY ALLEGES A TITLE III CLAIM

Title III of the ADA states: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by

---

[12]     *Ashcroft v. Iqbal*, 556 U.S. at 679.

[13]     *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly,* 550 U.S. at 556).  See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

any person who owns. . . or operates a place of public accommodation."[14] Restaurants, bars, and other establishments serving food or drink are expressly designated as public accommodations under the ADA.[15]  Damages are not available for a Title III ADA claim brought by a private party, but a private party may seek injunctive relief, as the plaintiffs have done in this case.[16]  Title III requires an entity operating "public accommodations" to make "reasonable modifications" in its policies "when. . . necessary to afford such. . . accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such. . . accommodations."[17]

To assert a viable Title III claim, a plaintiff must allege: (1) that he has a disability; (2) that the place the defendant owns, leases, or operates is a place of public accommodation; and (3) that he was denied full and equal enjoyment because of his disability.[18]  In this case, the plaintiffs made factual allegations with regard to all three of these elements.  First, they alleged that their son's food allergy is a

---

[14]      42 U.S.C. § 12182(a).

[15]      42 U.S.C. § 12181(7)(B).

[16]      42 U.S.C. § 12188(a); *Plumley v. Landmark Chevrolet, Inc*., 122 F.3d 308, 312 (5th Cir. 1997).

[17]      *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 661 (2001); 42 U.S.C.A. § 12182(b)(2)(A)(ii).

[18]      42 U.S.C. § 12182(a).

disability.  (Rec. Doc. 1 at ¶ 7).  Second, they alleged that the defendant owns and operates a place of public accommodation.  (Rec. Doc. 1 at ¶¶ 10, 35).  Third, they alleged that their son was denied full enjoyment of the facility because of his disability.  (Rec. Doc. 1 at ¶ 36).  More specifically, they alleged that their son "suffers from a medically diagnosed food allergy.  If [he] comes into contact with certain types of food, including but not limited to dairy products, he risks having a life-threatening anaphylactic allergic reaction." (Rec. Doc. 1 at 5).  The plaintiffs also alleged that their child's disability and its limitations were known by the defendant. The plaintiffs' son had allegedly "hosted and attended multiple birthday parties and field trips at Defendant's Chuck E. Cheese's facility. . . in the past.  For those prior events, [he] was permitted to bring outside food to the Chuck E. Cheese's facility that was safe for him to consume." (Rec. Doc. 1 at 5).  The plaintiffs alleged that, on the day in question, they made a request for modification of the defendant's policy against outside food, which was rejected by the defendant.  "Plaintiffs asked the manager to make an accommodation to permit [their son] to bring his small, safe meal into the facility.  The manager. . . refused to grant the accommodation. . . ." (Rec. Doc. 1 at 5).

The defendant's first argument in support of its motion to dismiss is that the plaintiffs failed to state a claim because a food allergy is not a disability.  In support

of this argument, they cite no jurisprudential authority from the Fifth Circuit.  The statute itself states that, to be disabled under the ADA, a person must have a "physical or mental impairment that substantially limits one or more of the major life activities."[19]  The ADA includes eating as a major life activity,[20] and the Fifth Circuit has recognized that eating is a major life activity.[21]  "Substantially limits" is defined as being restricted in performing a major life activity as compared to most people in the general population.[22]  In this case, the plaintiffs alleged that if their son eats dairy products, he may have an anaphylactic reaction that could result in death.  Thus, they have alleged that he has a physical impairment that restricts him from eating the way most people in the general population eat; consequently, they have alleged that he is disabled as that term is defined in the ADA.  These allegations are sufficient to overcome the defendant's first challenge to the sufficiency of the complaint.

The defendant's second argument is that the plaintiffs' son did not suffer discrimination because of his alleged disability.  There are five definitions of "discrimination" in Title III.  Two of them have to do with architectural barriers and

---

[19]     42 U.S.C. § 12102(1).

[20]     42 U.S.C. 12102(2).

[21]     *Waldrip v. General Elec. Co.*, 325 F.3d 652, 655 (5th Cir. 2003).

[22]     29 C.F.R. § 1630.2(j).

therefore are not germane to this case.  The plaintiffs articulated no allegations with regard to two of other three definitions, leaving only one statutory definition of discrimination that is relevant to this case.   That definition reads as follows:

> discrimination includes–
>
> * * *
>
> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations; . . . .[23]

The plaintiffs' complaint clearly alleges that the defendant's failure to modify its policy to allow the plaintiffs to bring in outside food violated Title III and resulted in discrimination against B.H.  The complaint alleges that the "Defendant's refusal to make a reasonable accommodation to its policy prohibiting individuals with medically diagnosed food allergies from bringing outside food to Defendant's Chuck E. Cheese's facilities violates Title III. . . ."  (Rec. Doc. 1 at ¶ 2).  The plaintiffs also alleged, with more particularity, that "when B.H. visited the. . . Chuck E. Cheese's facility. . . on or about November 29, 2015, he was not permitted to bring outside food that was safe for him to consume into the facility.  Plaintiffs asked the manager

---

[23]     42 U.S.C. § 12182(b)(2)(A).

to make an accommodation to permit B.H. to bring his small, safe meal into the facility.  The manager at the Chuck E. Cheese's facility refused to grant the accommodation and turned B.H. and his family away from the facility." (Rec. Doc. 1 at ¶ 25).

The Fifth Circuit has explained that, when a plaintiff alleges a failure to accommodate, the question to be resolved is "whether the failure to accommodate the disability violates the ADA; and the existence of a violation depends on whether. . . the demanded accommodation is in fact reasonable and therefore required.  If the accommodation is required the defendants are liable simply by denying it."[24]  Thus, to allege that he has been discriminated against under the quoted definition of discrimination, the plaintiff must allege that he requested a reasonable accommodation that was denied.

The defendant focuses on the exception included in quoted definition, which reads "unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations."  But a plaintiff need not address this exception in his complaint in order to allege that he was discriminated against.  Instead, the exception creates the possibility of a defense that might be asserted by the defendant

---

[24]     *Bennett-Nelson v. Louisiana Bd. of Regents*, 431 F.3d 448, 455 (5th Cir. 2005).

and on which the defendant would bear the burden of proof later in the litigation. At this stage of the litigation, it is not necessary to make a decision as to whether the proposed modification would or would not fundamentally alter the nature of the business. Instead, it is necessary only to decide whether the plaintiffs have sufficiently alleged a failure to make a requested modification in policy. This they have done.

The defendant's final argument is that the plaintiffs are seeking an overly broad and unreasonable accommodation. The defendant suggests that a reasonable modification is one that is readily achievable or easily accomplished while the accommodation requested by the plaintiffs is overly broad because the defendant cannot easily verify if people actually have food allergies and would be required to permit every customer to bring in whatever food they want, fundamentally changing the nature of the defendant's business. This argument goes to the reasonableness of the requested accommodation and, like the defendant's second argument, presents a defense to the plaintiffs' complaint rather than a failure on the part of the plaintiffs to state a claim. In another case in which the defendant argued, in support of a motion to dismiss, that the plaintiff had failed to plead sufficient facts to establish that his requested accommodation was reasonable, the court said, "Defendants confuse arguments in support of a Rule 12(b)(6) dismissal with those properly asserted in the

summary judgment context.  [The plaintiff] does not need to prove the reasonableness of his accommodation request in order to survive a motion to dismiss.  All plaintiff is required to show to overcome defendants' motion is that he has plead facts that 'raise a right to relief above the speculative level.'"[25]

The Fifth Circuit agrees that the issue of whether making modifications would fundamentally alter the nature of the public accommodation's business presents an affirmative defense and need not be addressed by a plaintiff in his complaint.[26]  The Fifth Circuit explained the parties' respective burdens of proof as follows:

> The plaintiff has the burden of proving that a modification was requested and that the requested modification is reasonable.  The plaintiff meets this burden by introducing evidence that the requested modification is reasonable in the general sense, that is, reasonable in the run of cases.  While the defendant may introduce evidence indicating that the plaintiff's requested modification is not reasonable in the run of cases, the plaintiff bears the ultimate burden of proof on the issue. . . .  If the plaintiff meets this burden, the defendant must make the requested modification unless the defendant pleads and meets its burden of proving that the requested modification would fundamentally alter the nature of the public accommodation.  The type of evidence that satisfies this burden focuses on the specifics of the plaintiff's or defendant's circumstances and not on the general nature of the accommodation.  Under the statutory

[25]     *Falls v. Housing Authority of Jefferson Parish*, No. _____, 2016 WL 1366389, at *6 (E.D. La., _____, 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555.)

[26]     *Johnson v. Gambrinus Company/Spoetzl Brewery*, 116 F.3d 1052, 1059 (5th Cir. 1997).

framework, such evidence is relevant only to a fundamental alteration defense and not relevant to the plaintiff's burden to show that the requested modification is reasonable in the run of cases.[27]

In developing this standard, the Fifth Circuit expressly relied upon a decision from the Second Circuit, in which the appellate court reversed a district court's ruling that a requested smoking ban in fast food restaurants was unreasonable as a matter of law, stating that "the determination of whether a particular modification is 'reasonable' involves a fact-specific, case-by-case inquiry that considers, among other factors, the effectiveness of the modification in light of the nature of the disability in question and the cost to the organization that would implement it."[28]  Although that court conceded that "there may be claims requesting modification under the ADA that warrant dismissal as unreasonable as a matter of law,"[29] a fact-specific inquiry was required in the case then before the court.  In the Second Circuit, it is sufficient for the plaintiff to "suggest the existence of a plausible accommodation, the costs of which, facially, do not clearly exceed its benefits."[30]  Once the plaintiff has done this,

---

[27]     *Johnson v. Gambrinus*, 116 F.3d at 1059-60 (footnote signals omitted).

[28]     *Staron v. McDonald's Corp.*, 51 F.3d 353, 356 (2nd Cir. 1995).

[29]     *Staron v. McDonald's*, 51 F.3d at 356.

[30]     *Henrietta D. v. Bloomberg*, 331 F.3d 261, 280 (2d Cir. 2003) (quoting *Borkowski v. Valley Central School District*, 63 F.3d 131, 138 (2d Cir.1995), cert. denied, 541 U.S. 936 (2004)).

he has made out a prima facie showing that a reasonable accommodation is available.[31]   This Court finds the Second Circuit's reasoning to be both sound and compatible with the Fifth Circuit's explanation of the parties' burdens of proof, quoted above.

In this case, the plaintiffs alleged that they requested a modification of the defendant's policy against customers bringing in food from outside the restaurant. They also alleged that the accommodation they requested was a reasonable accommodation because the same request had allegedly been granted on prior occasions.  The complaint alleges that the plaintiff's son "has hosted and attended multiple birthday parties and field trips at Defendant's Chuck E. Cheese's facility located in Lafayette, Louisiana in the past.  For those prior events, [he] was permitted to bring outside food to the Chuck E. Cheese's facility that was safe for him to consume." (Rec. Doc. 1 at ¶ 24).  This Court finds that requesting an accommodation that has been granted in the past is plausibly reasonable.  Thus, as a general matter or "in the run of cases," the plaintiffs made a prima facie showing that the accommodation they requested was reasonable.  At this stage of the litigation, that is all they were required to do.  At a later stage in the litigation, the defendant will have

---

[31]      *Henrietta D. v. Bloomberg*, 331 F.3d at 280 (quoting *Borkowski v. Valley Central School District*, 63 F.3d at 138).

an opportunity to present a defense based on its contention that, under the specific circumstances presented in this case, the requested accommodation is not reasonable because it would fundamentally alter the nature of its business or be too difficult to implement.   But   the   specific   reasonableness   of   the   plaintiffs'   requested accommodation is not properly presented on a motion to dismiss.

CONCLUSION

This Court finds that the plaintiffs set forth sufficient facts in their complaint to nudge their claim across the line from conceivable to plausible.  Accordingly, this Court recommends that the defendant's motion to dismiss (Rec. Doc. 6) should be denied.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by

Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on this 6th  day of July 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

-16-